PITTA & DREIER LLP
Attorneys for Defendant New York Hotel &
Motel Trades Council, AFL-CIO
499 Park Avenue
New York, New York 10022
(212) 652-3890

Bruce J. Cooper (BC 2764)
Michael J. D'Angelo (MD 3030)

UNITED STATES DISTRICT COURT`
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH BEJJANI, HENRY BOLEJSZO, ALAIN
BREDA, AHMAD BULLA, VIRGIL COSTACHE,
GEOFFREY HABERER, RUHEL HASSAN,
RICKY GARCIA, ABDELKABIR KAHTANE,
MOHAMMED KHAMFRI, KATHY KINKY,
STYLIANOS LOUKISSAS, ERICH LUNZER,
JAIRO MARTINEZ, EDILBERTO MORCOS,
JOHN O'CONNOR, AART VAN DERLAAN,
OSCAR FLORES, and ROBERTO ZEGARRA,

              Plaintiffs,

              -against-

MANHATTAN SHERATON CORPORATION
d/b/a ST. REGIS HOTEL, and NEW YORK
HOTEL and MOTEL TRADES COUNCIL, AFL-
CIO,

              Defendants.

**07-Cv-10729 (HB) (DCF)**

---

### REPLY MEMORANDUM OF LAW OF DEFENDANT NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL-CIO IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT ................................................................................................................... 1

POINT I   PLAINTIFFS LACK STANDING TO CONFIRM THE HILTON
ARBITRATION AWARD AND THE UNION HAS NOT
VIOLATED ITS DUTY OF FAIR REPRESENTATION ................... 3

POINT II   PLAINTIFFS' CLAIM UNDER LABOR LAW § 196 IS PREEMPTED
BY FEDERAL LAW AND SUBJECT TO ARBITRATION ................. 4

POINT III  PLAINTIFFS' FOURTH CLAIM FOR RELIEF IS SUBJECT TO
MANDATORY ARBITRATION ........................................................... 7

POINT IV  PLAINTIFFS' ARE NOT ENTITLED TO ACCESS TO ALL
DECISIONS ......................................................................................... 9

CONCLUSION ................................................................................................................ 10

## TABLE OF AUTHORITIES

**Case**                                                                                          **Page(s)**

*Abram Landau Real Estate v. Bevona,*
    123 F. 3d 69, 74-75 (2d Cir. 1997) ........................................................................8

*Air Line Pilots Ass'n v. O'Neill,*
    499 U.S. 65, 74, 111 S. Ct. 1127, 1134, 113 L.Ed. 2d 51 (1991)...........................6

*Connecticut Light & Power Co. v. Local 420, International Brotherhood of Electrical Workers,*
    718 F. 2d 14, 20 (2d Cir. 1983).............................................................................8

*Cortec Indus, Inc. v. Sum Holding, L.P.*
    949 F. 2d 42, 47, 48 (2d Cir. 1991) cert. denied, 503 U.S. 960 (1992) ..................2

*Encina v. Tony Lama Boot Co.,*
    448 F.2d 1264 (5th Cir. 1971) ..............................................................................6

*Exchange National Bank of Chicago v. Touche Ross & Co.,*
    544 F.2d 1126, 1130-31 (2d Cir. 1976) ................................................................2

*Ford Motor Co. v. Huffman,*
    345 U.S. 330, 338 (1953), supra, .........................................................................6

*Hines v. Anchor Motor Freight, Inc.,*
    424 U.S. 554 (1976).............................................................................................6

*Kamen v. American Tel. & Tel. Co.,*
    791 F.2d 1006, 1011 (2d Cir. 1986).....................................................................2

*Operative Plasters v. Metro N.Y. Dry Wall Contractors Association,*
    543 F. Supp. 301 (E.D.N.Y.) 1982 ......................................................................2

*Pitta v. Hotel Association of New York City, Inc.,*
    806 F.2d 419,422 (2d Cir. 1986)..........................................................................9

*Republic Steel Corp. v. Maddox,*
    379 U.S. 650, 85 S. Ct. 614, 13 L. Ed. 2d 580 (1965).............................................8

*Smith v. City of New York*
    950 F. Supp. 55, 58 (E.D.N.Y. 1996) ....................................................................2

*Steelworker Trilogy:  United Steelworkers of America v. American Manufacturing Co.,*
    363 U.S. 564, 80 S. Ct. 1343 (1960)......................................................................7

{00367196.DOC;}

*Steelworkers v. American Manufacturing Co.,*
    363 U.S. 564, 566, 80 S. Ct. 1343, 1346 4 L.Ed. 2d 1403, 1404 (1960)...............8
    569 U.S. 80 S. Ct. 1347 4 L.Ed. 2d 1405 (1960)....................................................8

*Tanzillo v. Local Union 617, Intern. Broth. of Teamsters,*
    769 F.2d 140 (3d Cir. 1985)........................................................................9

*Torres v. Four Seasons Hotel of New York*
    277 A.D. 2d. 23 (2000) ..............................................................................5

*United Steelworkers of America v. Enterprise Wheel & Car Corp.,*
    363 U.S. 593, 599, 80 S. Ct. 1358, 1362, 4 L. Ed. 2d 1424, 1429 (1960)..............7

*United Steelworkers of America v. Warrior & Gulf Navigation Co.,*
    363 U.S. 574, 80 S. Ct. 1347 (1960)...........................................................7

*U.S. v. Bonanno Organized Crime Family*
    683 F. Supp. 1411. 1439 (E.D.N.Y. 1988) aff'd F. 2d 20 (2d Cir. 1989) ...............2

*Vaca v. Sipes,*
    386 U.S. 171, 177, 87 S. Ct. 903, 909-10, 17 L.Ed. 2d 842 (1967) .......................6

*Watterson v. Page,*
    987 F.2d 1 (1st Cir. 1993) ........................................................................2

*Wright v. Universal Maritime Serv. Corp.,*
    525 U.S. 70, 80 .......................................................................................5

## Statutes and Miscellaneous Authorities

Impartial Chairman, Philip Ross Award No.: 2007-85R (Clarification Award)................3

Impartial Chairman, Philip Ross Award No.: 2007-40 (Ross Hilton Award)....................3

Industry Wide Agreement (IWA) ...........................................................................3,5,7,9

Labor-Management Reporting and Disclosure Act ("LMRDA")........................................9
    29 U.S.C. §§412, 414

Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure....................................2,10

Section 196(d) of the New York State Labor Law ..............................................................5

Section 301 of the Labor Management Relations Act
    of 1947, 29 U.S.C. § 185 ("LMRA") (case no. 07-CV-1740)........................................7

{00367196.DOC;}

**PRELIMINARY STATEMENT**

Defendant New York Hotel and Motel Trades Council, AFL-CIO ("Union" or "HTC") submits this reply memorandum of law in further support of its motion to dismiss, pursuant to Rules 12 (b)(1) and (6) of the Federal Rules of Civil Procedure ("FRCP"), the second amended complaint ("Complaint") and in reply to plaintiffs' opposition papers.

**ARGUMENT**

It is clear that Plaintiffs have failed to conduct any inquiry into the validity of their claims. Given the utter absence of any factual or legal basis for their claims, Plaintiffs' decision for continuing with their meritless suit can only be explained as part of Plaintiffs' long deliberate strategy of harassment and an attempt to intimidate the Union through litigation.

Plaintiffs' complaint and substantive arguments set forth in their brief are not warranted by existing law or by non-frivolous arguments. The Union respectfully refers the Court to its prior brief for a complete discussion of the substantive law rather than repeating it herein. It is noteworthy that with regard to many of their claims Plaintiffs cite no precedent or law in support of their argument at all. As a matter of fact, most of Plaintiffs' brief consists of baseless and confusing arguments ungrounded in law or fact, replete with conclusory allegations and legal conclusions masquerading as factual conclusions.

Plaintiffs, through the use of these conclusory statements, throughout the Complaint and their opposition papers allege that the Union through lies and deception colluded with the Hotel to cheat them out of millions of dollars. As with most of Plaintiffs' claims and arguments it is not clear as to whether they are alleging a conspiracy claim against the Union; however, in the event that they argue that they are, it must fail.

It is important to note that there is no civil or federal cause of action for conspiracy. *Operative Plasters" v. Metro N.Y. Dry Wall Contractors Ass'n, Inc.* 543 F. Supp. 301 (E.D.N.Y. 1982). The purpose of pleading conspiracy is to establish joint and several liability. To set forth

{00361866.DOC;2}

an adequate allegation of conspiracy, "...sufficient facts must be alleged to allow the defendant to form a response". *U.S. v. Bonanno Organized Crime Family,* 683 F. Supp. 1411, 1439 (E.D.N.Y. 1988). aff'd 79 F. 2d 20 (2d Cir. 1989). "Conclusory allegations or a 'bare bones statement of conspiracy will not withstand a motion to dismiss...". *Id.* See also, *Smith v. City of New York,* 950 F. Supp. 55, 58 (E.D.N.Y. 1996), wherein it was held that a plaintiff must plead more than conclusory allegations in order to survive a motion to dismiss on a conspiracy claim.

Plaintiffs argue that in deciding Rule 12(b)(1) motions, the Court's review is limited to taking judicial notice of the arbitration awards and notices attached to defendants' motions to dismiss and plaintiffs' Complaint. Plaintiffs are incorrect. In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), evidentiary matter may be presented by affidavit or otherwise. See *Exchange National Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1130-31 (2d Cir. 1976). Also, *Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011.*

Generally, a Rule 12(b)(6) motion is based solely on the allegations of the complaint, however, in deciding the motion, "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statement or documents incorporated in it by reference." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). cert. denied, 503 U.S. 960 (1992). Moreover, "when a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may take the document into consideration in deciding a motion to dismiss. *id.* at 47-48.

Also, even if documents are not referred to or incorporated in the complaint, if the parties do not dispute the authenticity of the documents or the documents are central to Plaintiffs' claims, the court may treat them as part of the pleadings and dispose of the matter pursuant to Fed. R. Civ. P. 12(b). *Watterson v. Page*, 987 F.2d 1 (1st Cir. 1993).

Although Plaintiffs in this case do not attach any documents or incorporate any documents to the Complaint, they do rely heavily upon certain documents by consistently making reference to them; the Court should consider all documents, the authenticity of which is not disputed, that are attached to the Union's papers submitted in support of its motion to dismiss.

## POINT I

### PLAINTIFFS LACK STANDING TO CONFIRM THE HILTON ARBITRATION AWARD AND THE UNION HAS NOT VIOLATED ITS DUTY OF FAIR REPRESENTATION

It is astonishing that Plaintiffs continue to argue with some conviction that they are entitled to enforce Impartial Chairman Philip Ross' ("IC") August 23, 2007 arbitration award, decision #2007-40 ("Ross Hilton Award"), issued as a result of an arbitration between the Union and the Hilton Hotel ("Hilton"); and that the Union should be found to have violated its duty of fair representation to them because it failed to enforce or confirm the Ross Hilton Award.

Plaintiffs, throughout their Complaint and opposition papers, intentionally blur the incontrovertible facts. These include, but are not limited to, the following: (i) the Union, pursuant to the arbitration provision set forth in the Industry-wide Agreement ("IWA"), filed the arbitration demand against the Hilton on behalf of bargaining unit members employed as servers by the Hilton; (ii) the Hilton, and not defendant Manhattan Sheraton Belmont d/b/a St. Regis Hotel ("Hotel" or "St. Regis") was a party with the Union to the arbitration; (iii) Plaintiffs are not employees of the Hilton; (iv) the Hilton and the St. Regis are two separate and distinct hotels; (v) the Hilton is not a party to this proceeding;(vi) the IC issued the Ross Hilton Award against the Hilton; (vii) the IC issued his December 4, 2007 award (decision #2007-85R) clarifying the Ross Hilton Award after an emergency hearing requested by the Hotel Association ("Ross Clarification Award"); (viii) the IC expressly held in the Ross Clarification Award that, among

other things, because Article 47(D)(1) of the IWA was enacted in 1995, the pre-1995 practice of *each individual hotel* must be examined to determine the starting point of that hotel's financial responsibilities to the servers employed by each individual hotel, and the IC retained jurisdiction for that purpose (emphasis added); and (ix) the Union has filed arbitration demand with the Office of Impartial Chairman ("OIC") so that the IC can determine the St. Regis' pre-1995 practice, which will then allow him to ascertain St. Regis' financial responsibilities to all the servers, not just Plaintiffs, employed by the Hotel. Plaintiffs are aware that the Union has filed such demand since many of them have been invited to participate. The Court is respectfully referred to copies of the exchange of correspondence between Union's counsel and Plaintiffs' previous counsel attached as Exhibit "I" to the affirmation of Bruce J. Cooper, submitted with the Union's moving papers and in support of its dismissal motion.

Plaintiffs have no standing to confirm the Ross Hilton Award and there is no basis for Plaintiffs' claim that the Union violated its duty of fair representation because it did not confirm that Award or because it has failed to take appropriate action against the St. Regis for its failure to pay gratuities to them out of the room rental fees it charged its customers.

## POINT II

### PLAINTIFFS' CLAIM UNDER LABOR LAW §196 IS PREEMPTED BY FEDERAL LAW AND SUBJECT TO ARBITRATION

Plaintiffs' claims with regard to Tip Pooling boils down to a two issues, i.e., it is violative of New York Labor Law §196-d; and that the Union violated its duty of fair representation when it settled the Tip Pool arbitration in a manner not to their liking.

Plaintiffs claim that the Hotel violated the IWA and the New York State Labor Law by underpaying gratuities owed on banquet functions through a practice of requiring the banquet servers to pool their tips ("Tip Pooling").  The Plaintiffs wanted Tip Pooling eliminated.

In *Torres v. Four Seasons Hotel of New York*, 277 A.D. 2d 23 (2000), the Supreme Court of the State of New York, Appellate Division, First Department, discussed the very statute, i.e., New York Labor Law §196-d, and the very issue, upon which Plaintiffs' claims against the Union are based.  The *Torres'* plaintiffs were room servers employed by the Four Seasons Hotel.  They brought suit against the Four Seasons seeking gratuities that were allegedly improperly pooled in violation of Labor Law §196-d.  In granting the hotel's cross-motion for summary judgment, the Court, citing the United States Supreme Court case of *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 80, held that the room servers union had the authority to agree that all disputes be submitted to arbitration, and that the arbitration provision in the union's agreement with the Four Seasons encompassed the plaintiffs' Labor Law claims under §196-d.

The IWA arbitration clause is the broadest possible arbitration clause, covering:

> all complaints, disputes or grievances arising between the parties hereto involving questions or interpretations or applications of any clause of this Agreement, *or any acts, conduct or relations between the parties directly or indirectly* ... (emphasis added)

The St. Regis filed for arbitration to resolve the Tip Pooling issue.  In May 2007, the Union negotiated a settlement of the Tip Pooling grievance, and accomplished the exact result that the Plaintiffs' wanted, i.e., the disbanding or elimination of Tip Pooling.  It now seems that Plaintiffs' representation claim against the Union with regard to Tip Pooling is that they are not satisfied with the results obtained by the Union. It appears to be their argument that the Union is required to arbitrate their grievance and settle it only to their liking.  This turns the law on its head.

An employee does not have an absolute right to have a grievance processed through to any particular stage of the grievance procedure or to have a grievance taken to arbitration. *Vaca v. Sipes*, 386 U.S. 171 (1967). A union may screen grievances and press only those it concludes will justify the expense and time involved in terms of benefiting the membership at large. *Encina v. Tony Lama Boot Co.*, 448 F.2d 1264 (5th Cir. 1971). Further, for a union's actions to be arbitrary, it must be shown that in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational. *Air Line Pilots*, 499 U.S. 65, 74, 111 S. Ct. 1127, 1134, 113 L.Ed. 2d 51 (1991); *Ford Motor Co. v. Huffman*, 345 U.S. at 338. The Supreme Court has long recognized that informal settlement of grievances, as opposed to the more costly process of labor arbitration, is the preferred method of resolving disputes in labor-management relations.

Although Plaintiffs apparently do not now agree with the settlement, the law is clear that the fact that an employee does not personally approve a settlement negotiated by his union does not make the settlement agreement any less binding upon that employee; and certainly does not create a duty of fair representation claim against the Union. In fact, in *Vaca, at 191-192, supra.,* the Court expressly approved the settlement of grievances before arbitration has even commenced:

> [W]e conclude that *a union does not breach its duty of fair representation,* and thereby open up a suit by the employee for breach of contract, *merely because it settled the grievance short of arbitration.* [emphasis added]

Because the Union settled the Tip Pool grievance without going to arbitration, it is not open to a suit for violating its duty of fair representation. The Union's motion to dismiss should be granted.

## POINT III

## PLAINTIFFS FOURTH CLAIM FOR RELIEF IS SUBJECT TO MANDATORY ARBITRATION

By their Fourth Claim for Relief as set forth in the Complaint, Plaintiffs claim that the Union violated its duty of fair representation to them because it failed to represent them regarding numerous grievances that they have filed against the Hotel, i.e., overstaffing, bartending, meetings, breakfasts, receptions and coffee breaks ("Grievances"), and that the Hotel violated the IWA when it failed to pay them full contract gratuities, these claims are governed by Section 301 of the LMRA, 29 U.S.C. §185, and are, therefore, subject to the mandatory arbitration provisions of the IWA.

In their opposition papers, Plaintiffs only make a single reference to the Grievances (See Page 16 of Plaintiffs' opposition brief). They argue that because the Union's conduct has "undermined and tainted the arbitral process", they ask that the Grievances be addressed by the Court. Unbelievable as it may seem, it appears that Plaintiffs are requesting that the Court act as either arbitrator or mediator in place of the OIC as provided for in the grievance and arbitration procedure set forth in the IWA.

The fundamental principles of labor arbitration established in the Supreme Court's celebrated *Steelworker Trilogy: United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S. Ct. 1347 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S. Ct. 1358 (1960), (the *"Trilogy"*) have served the industrial relations community well by fostering reliance on arbitration, rather than strikes or lockouts, as the preferred method of resolving disputes arising under the terms of a collective bargaining agreement.

In *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), the Supreme Court explained its, and Congress', preference for arbitration as follows:

> As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by the employer and union as the mode of redress....unless the contract provides otherwise, there can be no doubt that the employee must afford the union the opportunity to act on his behalf.  Congress has expressly approved contract grievance procedures as a preferred method for settling disputes and stabilizing the "common law' of the plant.

In *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, (1976), the Court, at 562, stated:

> Collective-bargaining contracts, however, generally contain procedures for the settlement of disputes through mutual discussion and arbitration. These provisions are among those which are to be enforced under section 301. Furthermore, Congress has specified in section 203(d), 61 Stat. 154, 29 U.S.C. section 173(d), that "(f)inal adjustment by a method agreed upon by the parties is declared to be the desirable method for settlement of grievance disputes . . . ." This congressional policy "can be effectuated only if the means chosen by the parties for settlement of their differences under a collective bargaining agreement is given full play." *Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 566, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403, 1404 (1960). Courts are not to usurp those functions which collective-bargaining contracts have properly "entrusted to the arbitration tribunal." *Id.*, at 569, 80 S.Ct., at 1347, 4 L.Ed.2d at 1405.

Under the *Trilogy,* and its progeny, including decisions of the United States Court of Appeals for the Second Circuit, arbitration of disputes between employers and unions pursuant to the provisions of collective bargaining agreements is clearly encouraged as basic to federal labor policy. *Abram Landau Real Estate v. Bevona*, 123 F.3d 69, 74-75 (2d Cir. 1997).  *See also, Connecticut Light & Power Co. v. Local 420, International  Brotherhood of Electrical Workers*, 718 F. 2d 14, 20 (2d Cir. 1983) ("arbitrators who are chosen for their knowledge of the practices of the industry and the shop have the primary responsibility for interpreting the Agreement").

Construing the IWA arbitration clause which is set forth, in pertinent part, above, the Second Circuit has stated: "No grievance - either specific or general - is excluded from this broad coverage." *Pitta v. Hotel Association of New York City, Inc.*, 806 F.2d 419, 422 (2d Cir. 1986). Time has proven that the industry's compliance with the awards of the OIC, and this Court's firm compulsion of such compliance on recalcitrant parties, has provided unprecedented stability for New York City's vigorous hotel economy, to the benefit of employers, workers and the City as a whole.

The Union, pursuant to the IWA, as Plaintiffs are aware since they have been invited to participate, has initiated the arbitration process regarding the Grievances. The Court is respectfully referred to the exchange of correspondence between Union counsel and Plaintiffs' former counsel, attached as Exhibit "L" to the affirmation of Bruce J. Cooper, submitted with the Union's moving papers and in support of its dismissal motion, in which they discuss the scheduling of the very grievances that Plaintiffs now seek the Court to hear and determine.

## POINT IV

### PLAINTIFFS ARE NOT ENTITLED ACCESS TO ALL IC DECISIONS

By their Fifth Claim for Relief, Plaintiffs allege two separate claims: initially, in their Complaint, citing the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 412 and 414, they claim that they have the legal right to have access to all IC decisions, and because the Union denies them that right, it is violating its duty of fair representation. They, however, fail to support their claim with either statuary law or case law. As a matter of fact, they ignore the plain language of LMRDA §414, which requires that unions only provide their members with a copy of bargaining agreements which directly affect them. The section makes no reference to arbitration decisions. See *Tanzillo v. Local Union 617, Intern.*

*Broth. of Teamsters,* 769 F.2d 140 (3d Cir. 1985), (union members are not entitled, under §414, to a copy of contract between the their union and an employer which was not their employer).

Plaintiffs in their Fifth Claim for Relief also sought a court order directing that all arbitrations be transcribed in some manner. Since Plaintiffs make no mention of the claim in their opposition brief, they have apparently realized the absurdity of their request, and have abandoned the claim.

## CONCLUSION

For the reasons and upon the authority set forth above and in the Union's moving papers, the Union's motion to dismiss the Second Amended Complaint pursuant to FRCP Rules 12(b)(1) and (6) should be granted and judgment entered in favor of the Union, together with whatever further relief this Court deems just and proper.

Dated: New York, New York
June 30, 2008

Respectfully submitted,
PITTA & DREIER, LLP

By: _____

Bruce J. Cooper (BC 2764)
499 Park Avenue
New York, New York 10022
(212) 652- 3890

Of Counsel:
Michael J. D'Angelo (MD 3030)

PITTA & DREIER LLP
Attorneys for Defendant New York Hotel &
Motel Trades Council, AFL-CIO
499 Park Avenue
New York, New York 10022
(212) 652-3890

Bruce J. Cooper (BC 2764)
Michael J. D'Angelo (MD 3030)

UNITED STATES DISTRICT COURT`
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH BEJJANI, HENRY BOLEJSZO, ALAIN
BREDA, AHMAD BULLA, VIRGIL COSTACHE,
GEOFFREY HABERER, RUHEL HASSAN, RICKY
GARCIA, ABDELKABIR KAHTANE, MOHAMMED
KHAMFRI, KATHY KINKY, STYLIANOS
LOUKISSAS, ERICH LUNZER, JAIRO MARTINEZ,
EDILBERTO MORCOS, JOHN O'CONNOR, AART
VAN DERLAAN, OSCAR FLORES, and ROBERTO
ZEGARRA,

Index No. **07-Cv-10729 (HB) (DCF)**

          Plaintiffs,

**<u>AFFIDAVIT OF SERVICE</u>**

-against-

MANHATTAN SHERATON CORPORATION d/b/a
ST. REGIS HOTEL, and NEW YORK HOTEL and
MOTEL TRADES COUNCIL, AFL-CIO,

Defendants.

---

STATE OF NEW YORK     )
                             s.s.

COUNTY OF NEW YORK    )

        MICHELLE WILLIAMS, being duly sworn, deposes and says:

        That deponent is not a party to this action, is over eighteen years of age and resides in North Brunswick, New Jersey.

        That on the **30th day of June, 2008** deponent served by regular mail the within **REPLY MEMORANDUM OF LAW OF DEFENDANT NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL-CIO IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** thereof upon:

**Michael Starr, Esq.**
875 Third Avenue
New York, New York 10022

**Daniel J. Kaiser, Esq.**
Kaiser Sauborn & Mair, P.C.
111 Broadway
New York, New York 10006

Michelle Williams

Sworn to before me this
30th day of June 2008

Notary Public

BRUCE J. COOPER
Notary Public, State of New York
No. 4502270
Qualified in Rockland County
Commission Expires September 30, 2009